IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MATT MCKOOL**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-1435-L** |
| | § | |
| **THE TRAVELERS INDEMNITY COMPANY**, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

On September 3, 2009, the court referred Defendant's Motion to Dismiss and Compel Arbitration to the Honorable United States Magistrate Judge Irma Carrillo Ramirez. On October 25, 2009, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. The magistrate judge found that the matter should be submitted to arbitration, that the issues of condition precedent and waiver should be submitted to the arbitrator to resolve, that the action should be dismissed, and that Defendant The Travelers Indemnity Company ("TIC" or "Defendant") should not recover attorney's fees and costs pursuant to 28 U.S.C. § 1927. No party filed objections to the Report.

After careful consideration of the record, Report, and applicable law, the court **determines** that the findings and conclusions of the magistrate judge are correct, **except** those relating to whether Plaintiff Matt McKool ("Plaintiff" or "McKool") has any personal liability pursuant to 28 U.S.C. § 1927.

In her Report, the magistrate judge discussed Plaintiff's conduct with respect to 28 U.S.C. § 1927 and stated, "Plaintiff's conduct in this case does not warrant § 1927 sanctions because the

**Memorandum Opinion and Order - Page 1**

record shows no bad faith, improper motive, or reckless indifference to the court." Report 9.  The statute provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Under section 1927, monetary sanctions for expenses, costs, and attorneys' fees may be "imposed only on offending attorneys; clients may not be ordered to pay such awards." *Matta v. May*, 118 F.3d 410, 413-14 (5th Cir. 1997) (citing *Travelers Ins. Co. v. St. Jude's Hosp.*, 38 F.3d 1414, 1416 (5th Cir. 1994)).  Even though a party is a licensed attorney, as is Plaintiff, he can incur no liability under section 1927 when he is represented by counsel.  Nothing in the record indicates that McKool ever appeared *pro se* in this case.  For these reasons, McKool, as a matter of law, can incur no liability under section 1927, and whether there is evidence of bad faith, improper motive, or reckless indifference to the court on McKool's part is beside the point.  As previously stated, in all other respects, the court agrees with the findings and conclusions of the magistrate judge.

The court **grants** Defendant's Motion to Dismiss and Compel Arbitration and **dismisses** this action **with prejudice**.  The court dismisses this action with prejudice because it determines that all claims (age discrimination, retaliation, intentional infliction of emotional distress, and breach of contract) raised by Plaintiff are arbitrable and must be submitted to arbitration, and determines that there is no reason to retain jurisdiction over the action.  *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 116l, 1164 (5th Cir. 1992).  Further, the court **denies** Defendant's request for attorney's fees, costs, and expenses under 28 U.S.C. § 1927.  In light of the court's ruling, the parties are **ordered** to commence arbitration proceedings within **120 days** of the date of this order in accordance with the relevant arbitration policies of TIC.

**Memorandum Opinion and Order - Page 2**

**It is so ordered** this 18th day of November, 2009.

Sam A. Lindsay
United States District Judge